IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT | § | |
| v. | § | CIVIL ACTION NO. 6:24cv5 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Petitioner Barry Emmett, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Background**

Petitioner's original petition did not conform with Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts in that it did not specify all of the grounds of relief available to the petitioner or state the facts supporting each ground. The Court ordered Petitioner to file an amended petition setting out with particularity the conviction or other action which he is challenging, the grounds upon which he seeks relief and the facts upon which he relies for each ground of relief.

Petitioner filed his amended petition on January 26, 2024. His first two grounds for relief challenge the validity of his underlying conviction, saying that he lacked the mental competence to commit the crimes for which he was convicted, he now has a Ph.D and qualifies as an expert, so he can show the court why he was incompetent, the trial judge violated his rights because the judge had been notified by Petitioner's family that "something was severely wrong with him," the punishment for the offense exceeded what had occurred, and he received ineffective assistance of counsel

because counsel should have entered a plea of not guilty by reason of insanity instead of allowing Petitioner to plead guilty. He states that there was no deadly weapon finding made at trial, but TDCJ put such a finding on his record in 2006, and refuses to correct the error. Petitioner states that he received a 40 year sentence when the most that happened was the misdemeanor offense of firing a gun within city limits, not a purported assault.

Petitioner's third ground for relief asserts that the Texas Penal Code is invalid because it lacks a bill signed by the Governor and it also lacks a constitutional enabling clause. Petitioner argues that this renders his "contract" (presumably referring to his plea agreement) invalid; in addition, Petitioner contends that the plea agreement violates Article 9.402 of the Uniform Commercial Code. He says that he filed a habeas corpus petition in Walker County and won twice on default judgment, but the court is refusing enter final judgment.

Fourth, Petitioner asserts that in 2019, confirmed gang members were granted parole despite not being eligible for parole. However, he was not even reviewed for parole, which violates his right to equal protection. Petitioner also says that he qualifies for an educational pardon because he has completed a Ph.D degree and for a medical pardon because he needs a type of eye surgery which is only available in Japan. He claims that he submitted a copy of his Ph.D. thesis, but the Board of Pardons and Paroles will not even respond to him.

In his final ground for relief, Petitioner contends that in 2011, he was off his medication and fired "the best appeal attorneys in Texas." He says that he was mentally incompetent to fire his attorneys and so the judge violated the scintilla standard and the Fifth Amendment by accepting the firing.

**II. Discussion**

Court records show that Petitioner pleaded guilty to the offenses of unlawful possession of a machine gun, evading arrest, aggravated assault of a public servant, possession of a controlled substance, and unlawful possession of a firearm on July 21, 2006, receiving sentences of 40 years' confinement for the aggravated assault charge and ten years' confinement on each of the other

charges. The evidence at sentencing, as recounted by the 5th Judicial District Court of Appeals, showed that on July 8, 2005, Irving police officer Jason Maguire stopped Petitioner as part of a traffic stop. Maguire got out of his car, and appellant drove away. Maguire followed, and saw Petitioner "digging for something" in his back seat. Petitioner leaned out of the car window and fired a machine gun at Maguire, who continued to follow Petitioner and called for back up. Officers were able to stop appellant's car by using spikes. Once stopped, Petitioner surrendered to police. His car was found to contain a Tech 9 machine gun, two flash suppressors, magazines, clips, and ammunition for the machine gun, a digital drug scale and pipe, and a prescription pill bottle. *Emmett v. State*, slip op. no.'s 5-06-1098-CR, 5-06-1100-CR, 5-06-1101-CR, and 5-06-1102-CR, 2007 WL 1366044 (Tex.App.-Dallas, May 9, 2007, no pet.).

Petitioner has previously sought federal habeas corpus relief concerning these five convictions. *Emmett v. Quarterman*, civil action no. 3:08cv2219 (N.D.Tex., dismissed April 26, 2011, *aff'd by denial of certificate of appealability* slip op. no. 11-10536 (5th Cir., January 9, 2012). Petitioner does not allege that he has received permission from the Fifth Circuit Court of Appeals to file a successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A), and the on-line records of the Fifth Circuit do not show that Petitioner has sought, much less received, such permission. To the extent Petitioner challenges these convictions in the present case, the Court lacks jurisdiction to consider such a challenge until such time as Petitioner has received permission from the Fifth Circuit to file a successive petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Although Petitioner claims that there was no deadly weapon finding in his criminal case and TDCJ added the finding on its own in 2006, Petitioner's judgment of conviction in Dallas County Criminal District Court No. 7 for aggravated assault on a public servant, cause no. F0535473 - available online at https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 - contains a line saying "Affirmative Finding on Deadly Weapon - Yes, firearm used or exhibited." The facts as set out by the Fifth Judicial District Court of Appeals show that Petitioner's conviction for aggravated assault of a peace officer resulted from his firing a machine gun at an

3

Irving police officer. Petitioner's claim that his conviction lacked a deadly weapon finding is without merit.

In addition, the Fifth Circuit has held that a habeas corpus petition is successive when it either presents a challenge to the petitioner's conviction or sentence which could have been presented in an earlier petition or can be said to be an abuse of the writ. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009). In that case, the prisoner unsuccessfully sought habeas corpus relief concerning a prison disciplinary proceeding in February of 2005. He then sought state habeas corpus relief concerning his conviction in November of 2005. After this petition was denied, the prisoner filed a federal habeas corpus petition challenging his conviction in February of 2007. The district court denied his petition as successive. On appeal, the Fifth Circuit held that his second petition, challenging his conviction, was successive because he could have brought these claims in his first petition; the court rejected the prisoner's contention that he could not have combined together a challenge to a disciplinary proceeding and a challenge to his conviction, even though the standard habeas corpus form made it appear as though such challenges could not be brought together.

In the present case, Petitioner filed ten previous federal habeas corpus petitions between 2008 and 2022, of which six were dismissed on the merits and four were dismissed without prejudice for failure to prosecute or to obey an order of the court. Of those dismissed on the merits, cause nos. 3:08cv2219, in the Northern District of Texas, and 4:16cv2839, in the Southern District of Texas, challenged Petitioner's convictions, while cause nos. 7:09cv111 and 7:09cv138, in the Northern District of Texas, and 4:10cv2494 and 4:10cv3869, in the Southern District of Texas, challenged various prison disciplinary actions taken against Petitioner.

Petitioner claims that TDCJ added the deadly weapon finding to his sentence in 2006. He has filed multiple habeas petitions since that time in which he could have raised that claim, rendering this claim in his present petition successive. *Propes*, 573 F.3d at 229; *In re Jimenez*, 211 F.App'x 297, 2006 U.S. App. LEXIS 31583, 2006 WL 3821531 (5th Cir., December 22, 2006). Because

Petitioner's first two grounds for relief are successive, they should be dismissed without prejudice for want of jurisdiction. *Crone*, 324 F.3d at 836.

In his third ground for relief, Petitioner asserts that the Texas Penal Code is invalid because it lacks a bill signed by the Governor or a constitutional enabling clause. He states in a letter dated January 8, 2024, that he won this argument in state court in September of 2023, but the Walker County judge refuses to enter a final order.

Because Petitioner states that this claim is still pending in state court, he plainly has not exhausted his state remedies on this issue, in that the question has not been presented to or ruled upon by the highest court of the State of Texas. A review of the online records of Walker County shows that the case to which Petitioner refers, styled *Emmett v. UTMB,* cause no. 1426900, remains pending. *See* https://portal-txwalker.tylertech.cloud/Walker/CaseDetail.aspx?CaseID=506155.

The Fifth Circuit has explained that in order to exhaust state remedies in accordance with 28 U.S.C. §2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). Because Petitioner plainly has not presented this claim to the highest state court, it may be dismissed without prejudice as unexhausted.

Plaintiff also contends that his plea bargain is invalid under Article 9.402 of the Uniform Commercial Code, which provides that "the existence of a security interest, agricultural lien, or authority given to a debtor to dispose of or use collateral, without more, does not subject a secured party to liability in contract or tort for the debtor's acts or omissions." *See* Tex. Bus. & Commerce Code §9.402. This provision is plainly irrelevant to the viability of Petitioner's plea agreement, and his claim on this point is without merit.

Petitioner's fourth ground for relief complains of being denied parole or a medical pardon. The Fifth Circuit has held that Texas prisoners have no protected liberty interest in parole, meaning that they cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

5

Similarly, there is no constitutional right to a pardon, medical or otherwise. *Cloud v. Cockrell*, civil action no. 3:02cv2789, 2003 U.S. Dist. LEXIS 4035, 2003 WL 21448351 (N.D.Tex., March 27, 2003); *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S.Ct. 2460, 69 L.Ed.158 (1981). The fact that he has not been granted parole or a pardon does not set out a viable claim for relief.

Although Petitioner complains that other inmates who were not eligible for parole were in fact released on parole in 2019, while he was not even reviewed, court records show that Petitioner received a 40-year sentence for aggravated assault on a public servant, with an affirmative finding of a deadly weapon, for an offense committed on July 8, 2005. Consequently, Texas law provided that Petitioner had to serve one-half of his sentence, without consideration of good conduct time, before becoming eligible for parole, and thus was not eligible for parole in 2019. Tex. Gov. Code art. 508.145 (Vernon 1999).[1] In any event, even had Petitioner been eligible for parole at that time, he alleges nothing more than an inconsistent application or result, which is not enough to set out a viable equal protection claim. *Lutz v. Carlson*, 204 F.3d 1117, 1999 WL 1330646 (5th Cir., December 16, 1999). This claim is without merit.

Petitioner argued that his work time cannot be taken away or forfeited, but this is not correct. Under Texas law, good time and work time are the same; work time is simply good time which is given for working. Texas Gov. Code Ann. art. 498.003(d); *Aguero v. Director, TDCJ*, civil action no. 6:09cv124, 2009 U.S. Dist. LEXIS 44439, 2009 WL 1473214 (E.D.Tex., May 27, 2009, appeal dismissed). Neither good time nor work time serve to reduce the length of a prisoner's sentence but apply only to eligibility for parole or mandatory supervision. *Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); *Palmer v. Texas Board of Paroles*, 89 F.App'x 857, 2003 U.S. App. LEXIS 24969, 2003 WL 22945694 (5th Cir., December 10, 2003). The contention that work time cannot be forfeited has been rejected by the courts. *Broughton v. TDCJ*, civil action no. 6:16cv3562017 U.S. Dist. LEXIS 21997, 2017 WL 9289647 (E.D. Tex., January 3, 2017), *Report*

---

[1] TDCJ online records confirm that Petitioner's parole eligibility date is July 8, 2025.

*adopted at* 2017 U.S. Dist. LEXIS 21681, 2017 WL 653252 (E.D.Tex., February 15, 2017); *Cook v. Cockrell*, civil action no. 4:02cv827, 2003 U.S. Dist. LEXIS 3336 (N.D.Tex., March 6, 2003), *Report adopted at* 2003 U.S. Dist. LEXIS 5107, 2003 WL 21649973 (N.D.Tex., March 28, 2003). This claim is without merit.

In his final ground for relief, Petitioner contends that in 2011, he was off his medication and fired "the best appeal attorneys in Texas." He says that he was mentally incompetent to fire his attorneys and so the judge violated the scintilla standard and the Fifth Amendment by accepting the firing. Petitioner offers no reason why he could not have raised this claim in one of his prior habeas cases. As such, it is successive and should be dismissed for want of jurisdiction. *Crone*, 324 F.3d at 836.

### III. Conclusion

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); *Buntion v. Lumpkin*, 982 F.3d 945, 948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. *Buntion*, 982 F.3d at 948, *citing United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020).

When a certificate of appealability is denied because of a procedural default in state court, the applicant must further demonstrate that reasonable jurists could disagree with the procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does the record indicate, that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Consequently, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to the claim of denial of parole, without prejudice for failure to exhaust as to the claim concerning the validity of the Texas Penal Code, and without prejudice for want of jurisdiction as to the claims concerning the validity of Petitioner's conviction and his firing of his attorneys. It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 5th day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE