UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00005

**Barry Emmett,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner Barry Emmett, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his confinement. Doc. 1. The petition was referred to United States Magistrate Judge John D. Love. Doc. 2.

Petitioner was convicted after pleading guilty to unlawful possession of a machine gun, evading arrest, aggravated assault of a public servant, possession of a controlled substance, and unlawful possession of a firearm in Dallas County on July 21, 2006. Doc. 11 at 2. He has filed multiple habeas corpus petitions, including challenges to his conviction as well as challenges to various disciplinary cases imposed by TDCJ. *Id.* at 3.

In the present case, petitioner challenged the validity of his conviction and alleged that TDCJ added a deadly weapon finding to his sentence although the trial court did not make such a finding. Doc. 9 at 7. He also asserted that the Texas Penal Code was invalid because it lacks a bill signed by the governor or a constitutional enabling clause, that his plea bargain is invalid under Article 9.402 of the Uniform Commercial Code, that he has been improperly denied parole or a medical pardon, that his work time cannot be taken away or forfeited, and that he fired his appeal attorneys in 2011 while off his medication and the court improperly accepted the firing. *Id.*

After reviewing the pleadings, the magistrate judge recommended that the petition for habeas corpus relief be dismissed. Doc.

11. The magistrate judge determined that petitioner's challenges to his conviction, the alleged addition of the deadly weapon finding, and the firing of his appellate attorneys were successive and should be dismissed for want of jurisdiction; the claim concerning the invalidity of the Penal Code was unexhausted, and the claims concerning the invalidity of the plea agreement, the denial of parole, and the forfeiture of work time lacked merit. *Id.* at 6. Petitioner filed objections on February 16, 2024. Doc. 15.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). However, petitioner's objections do not address any of the magistrate judge's proposed findings or conclusions. He asserts that there were eleven grounds in his original petition and so half of the petition was "illegally disposed of," but he does not identify the allegedly missing grounds or any errors in the report. Doc. 11 at 1. Petitioner's objections are without merit.

Having reviewed the magistrate judge's report and the petitioner's objections de novo, the court overrules petitioner's objections and accepts the findings and recommendations of the magistrate judge's report. Petitioner's case is dismissed with prejudice as to petitioner's claims concerning the denial of parole, the forfeiture of work time, and the validity of his plea agreement under the Uniform Commercial Code; dismissed without prejudice for failure to exhaust state remedies as to the claim concerning the validity of the Texas Penal Code; and dismissed without prejudice for want of jurisdiction as to petitioner's challenge to his conviction, the alleged addition of the deadly weapon finding, and any other claims which petitioner could have but did not raise in earlier habeas proceedings. A certificate of appealability is denied sua sponte.

*So ordered by the court on May 9, 2024.*

J. Campbell Barker
United States District Judge